Per Curiam.

The cause is now before the court on the motion of appellee “to dismiss appellant’s notice of appeal.and all proceedings thereunder for lack of jurisdiction thereof, for the reason that the notice of appeal does not set forth the errors complained of in the decision of the Board of Tax Appeals, as expressly required by Section 5717.04, Revised Code.”
The error complained of, as stated in the notice of appeal, “is the decision by the Board of Tax Appeals to modify and affirm the final order of the Tax Commissioner in the following basic amounts: Sales tax $3,213.70. Use tax $3,266.57.”
Section 5717.04, Revised Code, prescribing the procedure for appeal from a decision of the Board of Tax Appeals, provides, inter alia, that “such notice of appeal shall set forth the decision of the board appealed from and the errors therein complained of.”
This court has consistently held that strict compliance with the statutory requirements with respect to appeals provided for in Chapter 5717, Revised Code, is required.
In the case of Queen City Valves, Inc., v. Peck, Tax Commr., 161 Ohio St., 579, the question presented was whether the notice of appeal to the Board of Tax Appeals from an order of the Tax Commissioner was sufficient to meet the statutory requirement of Section 5611, General Code (now Section 5717.02, Revised Code), which requirement is very similar to the one above quoted, that “the notice of such appeal shall set forth, or shall have attached thereto and incorporated therein by reference, a true copy of the notice sent by the commissioner to the taxpayer of the final determination complained of, and shall also specify *420 the errors therein complained of.” The notice of appeal in that case read:
“1. The decision is contrary to law.
“2. The decision is not sustained by the evidence is contrary to the evidence.
“3. The decision is against the weight of the evidence.
“4. The assessment placed upon the property involved is excessive, contrary to law and the evidence.”
This court held that such notice did not enumerate in definite ,and specific terms the precise errors claimed but used language so broad and general that it might be employed in nearly any case, and that it was insufficient to meet the demands of the statute.
This court is of the opinion that the notice of appeal in the instant case does not sufficiently set forth “the errors therein complained of” and, therefore, is not a sufficient compliance with the statutory requirement. The motion to dismiss is sustained and the appeal dismissed.

Appeal dismissed.

Weygandt, C. J., Zimmerman, Taet, Matthias, Bell, Herbert and O’Neill, JJ., concur.